# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MARK J. BRADY,**

    Plaintiff,

v.                                        Case No. 20-CV-918

**KEVIN CARR,**
**MARLENE LARSON, and**
**SUSAN NOVAK,**

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Mark Brady, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Brady's motion for leave to proceed without prepaying the filing fee and screens his complaint. The court has jurisdiction to do so in light of Brady's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. **Motion for Leave to Proceed without Prepaying the Filing Fee**

The court may allow a plaintiff to proceed without prepaying the filing fee if: (1) he shows that he cannot pay the filing fee; and (2) the case is not frivolous or malicious, does not fail to state a claim on which relief may be granted, and does not

seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).[1]

Brady states that he was recently released from prison, is unemployed, and has no monthly wages. ECF No. 2 at 1-2. His wife is sick and also does not work. *Id.* at 4. He states that he has about $1,000 per month in household expenses. *Id.* at 2. Based on these assertions, the court finds that Brady cannot afford to prepay the $350 civil case filing fee. Also, for the reasons explained later in this decision, the court finds that Brady states a claim with which he may proceed. Accordingly, the court will grant Brady's motion to proceed without prepaying the filing fee. He may pay the $350 filing fee over time, as he is able.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

In determining whether a complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

---

[1] Brady alleges the defendants violated his constitutional rights while he was incarcerated; however, Brady was not incarcerated when he filed his complaint. Accordingly, the Prison Litigation Reform Act does not apply to this case.

2

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Brady's Allegations*

Brady alleges that he was incorrectly labeled as a sexual offender when he was incarcerated on December 5, 2016. Brady explains that his conviction was for a ninth OWI and that he has never been convicted of a sex offense or served a sentence for a sex offense. As a result of this incorrect labeling, a sexual offender treatment program was assessed as a requirement and he was denied a lower custody classification, which meant he was not eligible for work release or for the early release program (ERP).

Brady asserts that he fought the incorrect label for three years, but was repeatedly told by the Department of Corrections psychology department that the assessment was correct. According to Brady, a new psychology administrator at

3

Redgranite Correctional Institution finally recognized that the label was incorrect and the sexual offender training requirement was removed as an "inappropriate referral." Brady explains that he was then allowed to lower his custody classification. He subsequently completed ERP and was released from custody on May 21, 2020.

*2.3 Analysis*

Under the Fourteenth Amendment, state officials may not deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV. To "properly plead a due process claim under § 1983, [a plaintiff] must sufficiently allege (1) that [he] had a cognizable liberty interest under the Fourteenth Amendment; (2) that [he] was deprived of that liberty interest; (3) and that the deprivation was without due process." *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013).

Prisoners generally have a liberty interest in avoiding consequences that are qualitatively different from typical conditions of confinement. *See Knowlin v. Heise*, 420 F. App'x 593, 596-97 (7th Cir. 2011). The Seventh Circuit has clarified that privileges such as a "diminished chance of discretionary parole, work release, better custody classification, and transfer to institutions that [a prisoner] regard[s] as better facilities" are not protected under the Constitution. *Id.* However, the Seventh Circuit has acknowledged (without reaching a decision on the issue) that other courts have found that the "stigma of sex-offender label affects a liberty interest and . . . the label, coupled with compelled therapy, does affect such an interest." *Id.* at 597 (citing *Renchenski v. Williams*, 622 F.3d 315, 325-331 (3rd Cir. 2010)).

Accordingly, the court finds that Brady states a due process claim based on his allegations that, at intake, he was labeled as a sex offender and referred for mandatory sex offender training despite never having been convicted of a sexual offense. Development of the record is necessary to determine what, if any, process was offered to Brady prior to the assessment and whether the offered process, if any, was constitutionally adequate.

Although the court finds that Brady states a claim, it is unclear against whom he states that claim. A defendant is liable under § 1983 only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). The mere fact someone holds a supervisory position is not a sufficient basis for liability. The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992.

Brady names three defendants in the caption of his complaint: "Kevin Carr, Sec. of DOC, Marlene Larson, Dept. Psych DOC, [and] Susan Novak, Warden RGCI." ECF No. 1. None of these defendants are named in the body of his complaint. Instead, Brady alleges generally that "the DOC/Psychology Dept" is responsible for the alleged

misconduct. *Id.* at 2-4. It appears that Brady may have named Carr, Larson, and Novak as defendants because of their roles as supervisors, but as explained, that is an insufficient basis for liability under § 1983. Brady may proceed only against the individual (or individuals) who is personally responsible for the alleged constitutional violation.

Accordingly, the court will add a John Doe placeholder to the caption and dismiss Carr and Larson as defendants. The court will leave Novak as a defendant, but only for the limited purpose of helping Brady identify the individual allegedly responsible for labeling him as a sex offender without due process. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (outlining ways a court must assist a plaintiff in identifying the identities of unnamed defendants). After Novak's lawyer files an appearance in this case, Brady may serve discovery requests upon Novak to get information that will help him identify the name of the Doe defendant. Brady should mail his requests to Novak's attorney at the address in the notice of appearance; he should not file his discovery requests with the court.

For example, Brady may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Brady does not state a claim against Novak, his discovery requests must be limited to seeking information or documents that will help him learn the Doe defendant's name. Brady may not ask Novak about any other topic, and Novak is under no obligation to respond to Brady's complaint or to discovery requests about topics unrelated to identifying the Doe defendant.

After Brady learns the name of the person he alleges violated his constitutional rights, he must file a motion to substitute the name for the Doe placeholder.[2] The court will dismiss Novak as a defendant after Brady identifies the Doe defendant. After the identified defendant has an opportunity to respond to Brady's complaint, the court will set a deadline for discovery. At that point, Brady may use discovery to get the information he believes he needs to prove his claims.

Brady must identify the name of the Doe defendant within sixty days of Novak's lawyer filing a notice of appearance. If he does not or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. *See* Civil L. R. 41(c).

### 3. Conclusion

**THEREFORE, IT IS ORDERED** that Brady's motion for leave to proceed without prepaying the $350 filing fee (ECF No. 2) is **GRANTED**. Brady may send payments, as he is able, to the clerk's office at the address below. Brady should take care to clearly identify his payments with the case name and number assigned to this case.

**IT IS FURTHER ORDERED** that Kevin Carr and Marlene Larson are **DISMISSED**. The clerk's office shall add a John Doe placeholder to the caption on the docket.

---

[2] Normally, the court requires a plaintiff who adds a defendant to amend his complaint; however, because Brady is representing himself and because his complaint gives the Doe defendant notice of what Brady believes he or she did to violate his constitutional rights, the court will allow Brady to substitute the defendant's name for the Doe placeholder.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Susan Novak. Novak need not respond to Brady's complaint; however, her lawyer must file a notice of appearance, and Novak must respond to discovery requests as described in this decision.

**IT IS FURTHER ORDERED** that Brady must identify the name of the Doe defendant (or file a written explanation of why he is unable to do so) within sixty days of Novak's lawyer filing a notice of appearance.

**IT IS FURTHER ORDERED** that Brady submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Brady is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Brady's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide entitled "Answers to Pro Se Litigants' Common Questions," that addresses topics that arise in cases filed by pro se plaintiffs. The court also directs Brady to its website: https://www.wied.uscourts.gov. The "Representing Yourself" tab has resources that Brady may find helpful as he litigates his case.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2020.

**BY THE COURT:**

_____
STEPHEN DRIES
United States Magistrate Judge